1
2
3
4
5
6
7
8

Peter A. Schey (Cal Bar #58232)
Carlos Holguin (Cal Bar # 90754)
Christopher Scherer (Cal Bar # 218205)
Center for Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 304
Facsimile: (213) 386-9484

Leonard Weinglass, Esq. (NY Bar #2016509)
6 West 20th Street #10A
New York, NY 10011-9263
*Attorneys for Plaintiffs*

9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW, LEONARD WEINGLASS, ESQ., <br><br><br><br>Plaintiffs, <br><br>v. <br><br><br><br>NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY, NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, <br><br>Defendants. | CV10 3375 MMM (JCx) <br> § CIVIL ACTION NO: <br> § <br> § <br> § COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br> § <br> § <br> § <br> § <br> § <br> § |

I

JURISDICTION AND VENUE

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning any satellite images, satellite imagery, satellite photographs, or satellite video images of the area in which an incident took place on February 24, 1996 over or near the north coast of Cuba, in which two aircraft flown by the Brothers to the Rescue ("BTTR") organization of Florida were intercepted in flight and shot down by Cuban MiGs.

2. The Center for Human Rights and Constitutional Law ("CHRCL"), one of the requesting parties, is incorporated in California with its office located in Los Angeles, California, making venue appropriate in this Court. See U.S.C. § 552(a)(4)(B) ("Under the FOIA, an agency may be sued in the district where the plaintiff resides or has his principal place of business, or in the district where the records are located, or in the District of Columbia").

3. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

II

PARTIES

4. Plaintiff CHRCL is a public-interest law firm and is one of the requesters of the records which defendants are now improperly withholding. CHRCL is incorporated in California as a not-for-profit corporation and is located at 256 S. Occidental Blvd., Los Angeles, CA 90057.

5. Plaintiff Leonard Weinglass ("Weinglass") is an attorney at law with offices located at 6 West 20th Street #10A, New York, NY 10011-9263. He is one of the requestors of the records that the defendant is now improperly withholding.

6. Defendant National Geospatial-Intelligence Agency ("NGA") is an agency of the United States and has possession of the documents that plaintiffs seek.

7. Defendant National Aeronautics and Space Administration ("NASA") is an agency of the United States and has possession of the documents that plaintiffs seek.

III

FACTUAL ALLEGATIONS

8. By letters dated December 29, 2009, addressed to the NGA and NASA, plaintiffs requested access to

1. Any satellite images, satellite imagery, satellite photographs, or satellite video images of the area in which an incident took place on February 24, 1996 over or near the north coast of Cuba in which two aircraft flown by the Brothers to the Rescue organization of Florida were intercepted in flight and shot down by Cuban MiGs, including but not limited to satellite images, satellite imagery, satellite photographs, or satellite video images showing any of the Brothers to the Rescue or Cuban aircraft involved in the incident. We are requesting records whether created any time before, during, or after the downing of the two aircraft, including any images or photos of any wreckage.

2. Any documents or records relating to the items sought in number 1 above including but not limited to reports, requests, assessments, data compilations, directives, instructions, guidance, memoranda, correspondence, notes, indices, cables, telexes, telegrams, or letters, whether maintained in paper, digital, video, digital tape, audio tape, or any other preserved form, regarding the aforementioned satellite images, satellite imagery, satellite photographs, or satellite video images.

9. In both requests, Plaintiffs Weinglass and CHRCL jointly and separately agreed to pay all reasonable search and copying fees incurred in responding to this request.

10. Plaintiffs Weinglass and CHRCL requested this information in order to adequately prepare for an impending habeas petition on behalf of Gerardo Hernandez, one of the so-called Cuban Five. *See generally Campa v. United States*, 129 S.Ct. 2790, 2009 U.S. Lexis 4369 (2009); *United States v. Campa*, 529 F.3d 980 (2008).  Mr. Hernandez's appeal to the United States Supreme Court was denied on June 15, 2009. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, sets a statute of limitations of

-3-

one year to file a writ of habeas corpus. The requested records may disclose whether the BTTR shoot down took place in Cuban or international airspace. Mr. Hernandez's conviction for conspiracy to commit murder resulting from the shoot down was based upon a determination that the shoot down took place in international air space. The question of *where* the shoot down took place is therefore important to the validity of the conviction and the habeas corpus petition Mr. Hernandez must file on or about June 14, 2010.

11. The Plaintiffs also seek the records requested because they are relevant to a better understanding of the case of the Cuban Five (discussed in detail in *United States v. Campa, supra*), which has generated national and international attention by elected officials, academics, non-governmental organizations, and the media, among others.

12. The Plaintiffs' request letters further state that CHRCL will disseminate without charge information obtained as a result of these FOIA requests to a range of academics, journalists, human rights advocates, and elected officials who have joined the public discourse or published materials regarding the BTTR shoot down and the case of the Cuba Five.

### Facts related to the NGA

13. On January 12, 2010, defendant NGA acknowledged the request and denied plaintiffs request for expedited processing.

14. By letter dated February 16, 2010, plaintiffs appealed the defendant's failure to produce any responsive documents and to grant expedited processing.

15. By letter dated February 17, 2010, plaintiffs requested prompt resolution to the FOIA request to Ms. Zsatique Ferrell of the Office of the General Counsel of the NGA.

-4-

16. On or about March 25, 2010, the NGA notified plaintiffs that it had reversed its decision not to grant expedited processing.

17. On April 6, 2010, the NGA denied the FOIA request, stating that it could "neither confirm nor deny the existence or nonexistence of records responsive to your request." The records, if they exist, about this fourteen year-old incident are "classified for reasons of national security under Executive Orders 12951 and 12958." Furthermore, acknowledging the existence or nonexistence of such records "would also relate directly to information concerning intelligence sources, methods, or capabilities and, as a result, is exempt from search, review, publication or disclosure in accordance with Title 10, Section 457, United States Code." Plaintiffs are informed and believe that in or about 1996 the International Civil Aviation Organization (ICAO) conducted an investigation into the BTTR shoot-down and requested, but was never provided, the satellite images now requested by the plaintiffs.

18. By letter dated April 9, 2010, plaintiffs timely appealed the denial of the FOIA to the NGA. As of this date, the NGA has not responded to the appeal of the defendant's failure to produce documents nor has it produced any responsive documents, even though the statutory deadline to respond to a FOIA appeal has passed.

19. Plaintiffs have a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

**Facts related to NASA**

20. As of February 18, 2010, NASA had not replied to the FOIA request. By letter dated February 18, 2010, plaintiffs appealed the lack of response as a constructive denial of the FOIA request.

21.  By letters dated March 22, 2010 and April 1, 2010, NASA acknowledged the FOIA request and stated that the request was not received until March 18, 2010.  The United States Postal Service certified mail tracking form confirms that the request was delivered on January 5, 2010.  Both letters indicated that the FOIA would be processed in an "expedited" manner.

22. As of this date, NASA has not responded to the appeal of its failure to produce responsive documents nor has it produced any responsive documents.  The statutory deadline to respond to a FOIA request and a FOIA appeal have both passed.

23.  Plaintiffs have a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

IV

PRAYER FOR RELIEF

WHEREFORE, plaintiffs requests this Court:

(1) Order defendants to promptly provide access to the requested records;

(2) Order defendants to provide an itemized index of withheld documents under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

(3) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(4) Award plaintiffs costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

1        (5) Grant such other and further relief as may deem just and proper.

2

3    Dated: May 5, 2010              Respectfully submitted,

4                              Leonard Weinglass

5                              Peter A. Schey

6                              Carlos Holguin

7                              Christopher Scherer

                              Center for Human Rights and Constitutional Law

8

9             By:

10                              Peter Schey

11                              *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28