# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>NATIONAL GEOSPATIAL-INTELLIGENCE AGENCY, *et al.*,<br><br>   Defendants. | Civil Action No. 10-3375<br><br>DECLARATION IN SUPPORT OF SUMMARY JUDGMENT |

## **DECLARATION OF DENISE A. YOUNG**

I, Denise A. Young, declare as follows:

1. I am assigned as a Freedom of Information Act (FOIA) and Privacy Act Specialist at National Aeronautics and Space Administration (NASA) Headquarters in Washington, D.C. I have held this position since November, 2008.

2. In such capacity, my duties are to keep in compliance with all legal requirements of the FOIA in accordance with 5 U.S.C. § 552, 14 C.F.R. § 1206, and other applicable NASA policies and procedures. As the liaison and point of contact under the FOIA program, my primary function includes: receiving,

analyzing and responding to requests received from media, commercial entities, industry, Congress, educators, state and local governments, and the general public, and ensuring that each request is review, scanned, inputted into the FOIA Xpress system, assigned a tracking number, and submitted to the appropriate action office to conduct appropriate searches regarding the subject matter. These searches may be completed within Headquarters or coordinated regionally with other NASA's Centers. I further provide policy advice and guidance on FOIA technical issues, assist in the planning of work assignments, determine the appropriate approach to meet deadlines, assist in preparing the yearly FOIA report, and coordinate with management and agency counsel.

3. NASA is an Executive Branch agency responsible for the nation's civilian space program and aeronautics and aerospace research. NASA's mission is to pioneer the future in space exploration, scientific discovery, and aeronautics research.

4. NASA is comprised of its administrative Headquarters in Washington, D.C., and ten NASA Centers located around the country, each of which has a FOIA office responsible for responding to FOIA requests and searching for responsive records within that component. I am assigned to the FOIA office at NASA Headquarters.

5. Through the exercise of my official duties, I am familiar with this civil action. I submit this declaration in support of the NASA's motion for summary judgment in this proceeding.

### Plaintiff's FOIA Request

6. Plaintiff sent NASA a FOIA request dated December 29, 2009, requesting:

> [A.] Any satellite images, satellite imagery, satellite photographs, or satellite video images of the area in which an incident took place on February 24, 1996 over or near the north coast of Cuba in which two aircraft flown by the Brothers to the Rescue organization of Florida were intercepted in flight and shot down by Cuban MiGs, including but not limited to satellite images, satellite imagery, satellite photographs, or satellite video images showing any of the Brothers to the Rescue or Cuban aircraft involved in the incident...whether created any time before, during, or after the downing of the two aircraft, including any images or photos of any wreckage.
>
> [B.] Any documents or records relating to the items sought in [A] above including but not limited to reports, requests, assessments, data compilations, directives, instructions, guidance, memoranda, correspondence, notes, indices, cables, telexes, telegrams, or letters, whether maintained in paper, digital, video, digital tape, audio tape, or

any other preserved form, regarding the aforementioned satellite images, satellite imagery, satellite photographs, or satellite video images.

See Plaintiffs' Complaint at 3.

7. I received the original FOIA request from the Center for Human Rights and Constitutional Law on or about March 18, 2010, after it was provided to me by the NASA Headquarters Office of General Counsel. I was informed by the General Counsel's office that the request was received as an enclosure to a letter from plaintiffs titled an "appeal" of a deemed denial of the original FOIA request.

8. NASA has no record of plaintiffs' FOIA request prior to March 18, 2010.

9. I began processing plaintiffs' FOIA request on or about March 18, 2010. See infra ¶ 12.

10. By letter dated March 22, 2010, I informed plaintiffs that NASA had received their request and that NASA had no record of plaintiffs' request prior to March 18, 2010. I also informed plaintiffs that the request would be processed in an expedited fashion.

11. I am aware that Thomas S. Luedtke, Associate Administrator for Institutions and Management, also sent a letter to plaintiffs on April 1, 2010. In

that letter, Mr. Luedtke again stated that the NASA had no record of plaintiffs' request prior to March 18, 2010.

### Search Procedures

12. In response to plaintiffs' request, NASA thoroughly searched its records. I was responsible for coordinating the search.

13. In response to plaintiffs' request during my contact to the various NASA field centers, Dr. Peter H. Hildebrand, a scientist at the NASA Goddard Space Flight Center ("GSFC"), offered an opinion regarding NASA's capability to produce a record responsive to plaintiffs' request. Dr. Hildebrand is a scientist and Deputy Director of the Sciences & Exploration Directorate at GSFC, and is recognized as an expert in satellite imagery, and is also familiar with NASA's overall satellite capability. Dr. Hildebrand indicated that, in 1996, NASA did not operate Earth-observing spacecraft with the high spatial and temporal resolution capability necessary to produce a record responsive to the request. Therefore, neither NASA Headquarters nor any of NASA's Centers was reasonably likely to have responsive records.

14. Nonetheless, out of an abundance of caution, NASA searched its records to determine if any responsive documents may be found. No responsive records were discovered from these searches.

## A. Scope of Search

15. Because NASA has several offices and Centers, I initially defined the scope of the search. First, I reviewed the functions of the offices located at NASA Headquarters to determine if any office could reasonably be expected to have records responsive to plaintiffs' FOIA request. After reviewing the functions of each office, I made the determination that the Photo/Imaging Office, the History Office, the Library, and the Records Management Office were the only Headquarters offices reasonably likely to have responsive records. No other Headquarters offices were deemed likely to have responsive records based on those offices' functions.

16. Second, in my discretion, the request was sent to all ten of NASA's Centers around the country. Although such a broad search was unnecessary because some Centers' functions fell outside of the scope of the request, I decided to send the request to all the Centers out of an abundance of caution.

17. In my correspondence to each office or Center, I asked that the request be processed in an expedited fashion. In conformance with agency practice, I asked each office to review the request, search for any and all responsive agency records, and then provide my office with one clean unstapled copy of each record for review and processing by my office. Following long-

Declaration of Denise Young – page 6

standing FOIA practice at NASA, I personally contacted via electronic mail the FOIA officer at each of the NASA centers.

**B. Search Procedures**

*NASA Headquarters Offices*

18. On or about March 22-23, 2010, I forwarded the request to the NASA Headquarters offices that I deemed most like to possess responsive information, if any. These Headquarters offices included the Records Management Office, the History Office, the Photo/Imaging Office, and the Library.

19. I received the following responses from the Headquarters offices:

    a. Photo/Imaging Office: No Records

    b. History Office: No Records

    c. Library: No Records

    d. Records Management Office: No Records

20. All of the Headquarters offices cited above indicated that the age of the incident (1996) led to database searches. The databases where such archived records are stored are the NASA Aeronautics and Space Database, the Headquarters Library catalog and collection, NASA History Office database, and NASA webpages. Each Headquarters office conducted a thorough search of these databases. No responsive records were found.

*NASA Centers*

21. On March 23, 2010, I forwarded the request to the FOIA offices at NASA's Centers: Kennedy Space Center, Florida; Johnson Space Center, Texas; the NASA Management Office at the Jet Propulsion Laboratory, California; Stennis Space Center, Mississippi; Glenn Research Center, Ohio; Dryden Flight Research Center, California; Marshall Space Flight Center, Alabama; Ames Research Center, California; Goddard Space Flight Center, Maryland; and Langley Research Center, Virginia.

22. NASA's FOIA customary practice is that each Center FOIA officer determines which resident offices are most likely to possess any responsive material to a FOIA request. The Center FOIA officer contacts each office determined likely to have responsive information.

23. I received the following search detail and response information from the Centers:

    a. Kennedy Space Center ("KSC"): Due to the age of the records given NASA Records retention schedules, the request was sent to the KSC Records Manager at NASA Information Technology & Communications Services/IT and the KSC Senior Librarian/Archivist. A search was conducted of the KSC Records database of all KSC records that have been sent to National

Archives and Records Administration, and could not find any responsive records. The Archive Documents Database, which is the primary database for cataloging and locating historical materials within the Archives, was searched. No responsive documents were found. The Archive Photograph Database, which is the primary database for cataloging and locating photographic prints, transparencies, and digital images, was searched. No responsive records were found.

b. Johnson Space Center ("JSC"): Due to the age of the requested records, this request was sent to the JSC Records Office and Video Repository, where archived records of the type requested are stored. The office conducted a search of the Repository's databases and then reported back that they did not locate any responsive records.

c. NASA Management Office ("NMO") at the Jet Propulsion Laboratory ("JPL"): The NMO at the JPL manages NASA work between the agency and the prime contractor, California Institute of Technology. Mr. Dennis Mahon, the FOIA Officer at the NMO, decided not to conduct a search of NMO because the subject matter of plaintiffs' request clearly falls outside of the work

Declaration of Denise Young – page 9

performed at the JPL. Mr. Mahon is personally familiar with the NASA-JPL contract and the records maintained at the JPL. Mr. Mahon determined that there are no locations at JPL where a diligent search for the requested records would be expected to yield responsive records.

d. Stennis Space Center ("SSC"): Due to the age of the requested records, SSC contacted its History Office and Applied Science & Technology Project Office, both of which retain archived records. The SSC history office found no responsive records. The SSC Applied Science & Technology Project Office conducted a search of their database using the location information identified in plaintiffs' request and found no responsive records

e. Glenn Research Center ("GRC"): Due to the age of the requested records, the GRC FOIA Officer sent the request to GRC's Records, History & Archives Office and the GRC Imaging/Photo Lab, both of which store archived records. Both offices conducted a search of their files, databases, and video imaging records and found no responsive records.

f. Dryden Flight Research Center: Due to the age of the documents requested, the Dryden FOIA Officer sent the request to the Dryden

Declaration of Denise Young – page 10

History Office, which stores archived records. The History Office conducted a search of its database and found no responsive records.

g. Marshall Space Flight Center ("MSFC"): Due to the age of the age of the requested records, the MSFC FOIA Officer sent the request to the MSFC records manager, who manages archived records. The records manager conducted a search of the MSFC Records Management database and the Repository database, the two main databases for archived records, and found nothing related to plaintiffs' request. The MSFC Audio Visual Office also searched its files and found no responsive records.

h. Ames Research Center: Due to the age of the requested records, the Ames FOIA Officer sent plaintiffs' request to the Ames History Office, Records Office, and the Photo/Video office, all of which store archived information. Each office conducted a search of their databases and found no responsive records.

i. Goddard Space Flight Center ("GSFC"): No Responsive records were found. Additionally, staff at the NASA GSFC Science and Exploration Directorate, Hydrospheric and Biospheric Processes Unit, a resident office at that Center, stated that NASA did not

Declaration of Denise Young – page 11

    operate Earth-observing spacecraft in 1996 with the high spatial and temporal resolution capability necessary to produce a record responsive to the request.

    j. Langley Research Center ("LaRC"): Due to the age of the requested records, the LaRC FOIA officer sent a request to the records management liaisons in all of LaRC's Directorates, who each manage record retention for their individual Directorate. The LaRC FOIA officer also sent the request to LaRC's History Office, which stores archived records. All of these offices conducted searches of their databases and found no responsive records.

  24. I received responses from all offices and Centers between the months of March 23, 2010 and May 17, 2010. I did not inform plaintiffs that the search was complete, because at that time, plaintiff had already filed suit against NASA. I was told by the NASA's Office of General Counsel that subsequent communication between the NASA's FOIA Office and plaintiffs should be conducted by NASA's counsel.

## Conclusion

  25. In sum, NASA possesses no records responsive to plaintiff's request.

Declaration of Denise Young – page 12

26. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[Signature]*     10-18-10
Denise A. Young     Date

Declaration of Denise Young -- page 13